PHILLIP A. TALBERT
United States Attorney
MICHAEL M. BECKWITH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:16-CR-00214 MCE |
|---|---|
| Plaintiff, | APPLICATION AND ORDER TO NEGOTIATE $91,000 WELLS FARGO CHECK FORFEITED BY THE DEFENDANT |
| v. | |
| NIVE HAGAY, aka "DINO THE CASINO," | |
| Defendant. | |

The United States applies for an order authorizing the U.S. Marshals Service to negotiate a check described as "One Wells Fargo Bank cashier's check number 7299401370 issued on October 20, 2016, from Wells Fargo Bank Account Number 8283424383, payable to Platinum Transportation Group in the amount of $91,000.00," (the "$91,000 Wells Fargo Cashier's Check"). The check represents criminally-derived property and was forfeited by Defendant Nive Hagay in his Plea Agreement.

1. The $91,000 Wells Fargo Cashier's Check was turned over to the U.S. Attorney's Office on September 14, 2017, by Nive Hagay's attorney of record. The defendant was sentenced the same day to 24 months in prison for his crimes. A copy of the check is attached as Exhibit A.

2. On May 19, 2017, the United States and defendant Nive Hagay entered into a plea agreement in which the defendant agreed to forfeit his right, title, and interest to the United States in, amongst other criminally-derived assets, the $91,000 Wells Fargo Cashier's Check. The Plea Agreement

1
Application and Order to Negotiate Check

specifically states that the $91,000 Wells Fargo Cashier's Check is forfeitable based on its connection to the defendant's drug and gambling crimes.

3. The Court entered a Preliminary Order of Forfeiture on June 1, 2017, forfeiting defendant Nive Hagay's interest in the $91,000 Wells Fargo Cashier's Check pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d), 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c). The Forfeiture Order further provides, in relevant part, "the Attorney General shall be authorized to seize […] the property [and] the aforementioned property shall be seized and held by the U.S. Marshals Service, in its secure custody and control."

4. The United States therefore requests authority for the U.S. Marshals Service to negotiate the check and obtain the $91,000 in criminally-derived funds by specifically ordering Wells Fargo to reissue the $91,000.00 cashier's check to the U.S. Marshals Service. The funds will be deposited into an Asset Forfeiture suspense account pending further order of the Court.

Dated: 9/14/2017

PHILLIP A. TALBERT
United States Attorney

/s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

**ORDER**

For the reasons set forth in the United States' Application, the Court hereby orders Wells Fargo Bank to reissue a cashier's check in the amount of $91,000.00 made payable to the U.S. Marshals Service to replace the following cashier's check:

    a.    Wells Fargo Bank cashier's check number 7299401370 issued on October 20, 2016, from Wells Fargo Bank Account Number 8283424383, payable to Platinum Transportation Group in the amount of $91,000.00.

The U.S. Marshals Service is authorized to deposit the replacement check into their Asset Forfeiture suspense account pending further Order of the Court.

IT IS HEREBY ORDERED.

Dated: September 19, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE